IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MILTON CHRISTOS MAKRIS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | CASE NO. 4:20-CV-02245-DCN<br><br>JUDGE DONALD C. NUGENT<br><br>MAGISTRATE JUDGE DARRELL A. CLAY<br><br>REPORT AND RECOMMENDATION |

INTRODUCTION

Plaintiff Milton Christos Makris filed a Complaint against the Commissioner of Social Security ("Commissioner") seeking judicial review of the Commissioner's decision denying disability insurance benefits ("DIB"). (ECF #1). The District Court has jurisdiction under 42 U.S.C. §§ 1383(c) and 405(g). On October 6, 2020, pursuant to Local Civil Rule 72.2, this matter was referred to a Magistrate Judge for preparation of a Report and Recommendation, and was subsequently reassigned to me pursuant to General Order 2021-06. (Non-document entry dated May 20, 2021). Following review, and for the reasons stated below, I recommend the District Court **AFFIRM** the Commissioner's decision. I also recommend the District Court **DENY** any other motions that remain pending in this case.

1

PROCEDURAL BACKGROUND

I.      PROCEDURAL BACKGROUND IN FEDERAL COURT

Mr. Makris has filed a number of motions in this Court since first filing his Complaint. On October 24, 2020, Mr. Makris filed two motions: a Request Motion to Deny Ohio Superfluous Exam Demand & Request Motion for Discovery (ECF #5), and a Motion Requesting CM/ECF Access. (ECF #9). On October 30, 2020, Mr. Makris filed a Request Status of Motion to Deny Ohio Superfluous Exam Demand. (ECF #10). On January 8, 2021, Mr. Makris filed a Motion for Summary Judgment in Favor of Plaintiff Receipt of Eligible Social Security Disability Insurance Benefits. (Tr. 13). On January 12, 2021, Magistrate Judge Parker issued an Order denying each of these motions and ordering Mr. Makris to satisfy his service obligations under Fed. R. Civ. P. 4 by January 15, 2021. (ECF #14). Mr. Makris timely complied with the order and satisfied his service obligations. (ECF #15).

On March 29, 2021, Mr. Makris filed a Motion for Summary Judgment; or Motion Regarding the Sufficiency of Answer. (ECF #20). Magistrate Judge Parker denied this motion on April 1, 2021. (ECF #21). Mr. Makris then filed a Motion for Reconsideration of Summary Judgment (ECF #22), which Magistrate Judge Parker denied on April 6, 2021. (ECF #23). In the order denying the Motion for Reconsideration, Magistrate Judge Parker also ordered Mr. Makris to file his merits brief by May 17, 2021; if he failed to file, the Commissioner was directed to construe the merits arguments Mr. Makris made in his Motion for Reconsideration as his merits briefing and respond appropriately to those arguments. (ECF #23). On April 9, 2021, Mr. Makris filed an objection to Magistrate Judge Parker's April 6, 2021 order. (ECF #24).

While Mr. Makris's April 9th objection was pending, this case was reassigned to me pursuant to General Order 2021-06. (Non-document entry dated May 20, 2021). After review, I issued an order overruling Mr. Makris's objection and adopted Magistrate Judge Parker's Order dated April 6, 2021, but extended the filing deadline for Mr. Makris's merits brief to June 17, 2021 and the Commissioner's brief to August 2, 2021. (ECF #25). Mr. Makris did not file a merits brief and the Commissioner filed a brief responding to the arguments contained in the Motion for Reconsideration on August 2, 2021. (ECF #26).

Mr. Makris filed a Motion for PACER Fee Waiver and Reply Brief on August 10, 2021. (ECF #27). This motion is more appropriately considered a renewal of his previously denied request for electronic filing. The Court provided Mr. Makris with information to assist him in his filings, which appears to have resolved his issue; he has not renewed this motion and continued to file motions in his case since.

On November 4, 2021, Mr. Makris filed an Emergency Writ of Mandamus Judgment and Injunctive Relief. (ECF #29). On November 17, 2021, Mr. Makris filed a Request for Order Prohibiting Defendants from Further Ignoring Full Payment of All Eligible Benefits. (ECF #30). The Commissioner responded on November 19. (ECF #31). Mr. Makris renewed his motion on November 29 with an Emergency Motion for Relief Prohibiting Defendants from Further Ignoring Full Payment of All Eligible Benefits (ECF #32) and again on December 3 with an Emergency Motion for Relief – Critical Case/Dire Need. (ECF #33). On December 9, 2021, Judge Nugent issued an Order denying Mr. Makris's motion (ECF #29) for the reasons set forth in the Commissioner's response. (ECF #31).

To the extent that any of Mr. Makris's various motions remain pending, I recommend the Court **DENY** all such motions.

## II. PRIOR PROCEDURAL BACKGROUND

Mr. Makris filed for DIB on July 24, 2018, alleging a disability onset date of January 1, 2002.[1] (Tr. 29-30). His claims were denied initially and on reconsideration. (Tr. 29-35, 59-70). He then requested a hearing before an Administrative Law Judge. (Tr. 95-96). Mr. Makris initially had a hearing scheduled on February 12, 2020, but on December 12, 2019, he canceled this hearing and waived his right to appear at a disability hearing, citing a lack of transportation and being "in and out of hospitals." (Tr. 135-37).

On January 16, 2020, the ALJ found Mr. Makris not disabled in a written decision. (Tr. 6-13). The Appeals Council denied Mr. Makris's request for review, making the hearing decision the final decision of the Commissioner. (Tr. 1-4; *see also* 20 C.F.R. §§ 404.955 & 404.981). Mr. Makris timely filed this action on October 6, 2020. (ECF #1).

## FACTUAL BACKGROUND

### I.  PERSONAL AND VOCATIONAL EVIDENCE

Mr. Makris was 38 years old on the alleged onset date of his disability; he was therefore defined as a younger individual age 18-49. (Tr. 29; *see also* 20 C.F.R. §§ 404.1563). Mr. Makris's date last insured was December 31, 2009. (Tr. 29). To be eligible for DIB, Mr. Makris must establish he was disabled prior to his date last insured. *See* 42 U.S.C. § 423(a)(1); *see also Higgs v.*

---

[1] Mr. Makris also filed a claim for supplemental security income (SSI). (Tr. 151). Mr. Makris was notified that he met the medical and non-medical requirements for SSI benefits as of November 2020. (*See* Tr. 57; *see also* Comm'r's Br., ECF #26, PageID 610). Mr. Makris does not challenge the SSI decision in this appeal, although he references it in his DIB challenge. (*See* Pl.'s Reply Br., ECF #28, PageID 626).

4

*Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). Mr. Makris had received some income in 2005 and 2007-2009; however, there was insufficient evidence to determine if Mr. Makris engaged in substantial gainful activity during the relevant period. (*See* Tr. 11). As such, the ALJ found Mr. Makris had not engaged in substantial gainful activity. (*Id.*).

## II.   RELEVANT MEDICAL EVIDENCE

Mr. Makris asserts he is disabled and entitled to DIB benefits due to pain from a ruptured hernia. (*See* Tr. 209). As the ALJ noted, Mr. Makris's impairments may cause the functional limitations he alleges. (Tr. 12). Mr. Makris stated to his medical providers he initially had a hernia repair in the early 1980s. (Tr. 297). Mr. Makris had robotic inguinal hernia surgery on October 31, 2013 by Hiba Abdel Aziz, M.D. (Tr. 285-86). However, and critical to Mr. Makris's DIB case, there are no medical records dating to the relevant period of January 1, 2002 (his alleged onset date) and December 31, 2009 (his date last insured). (*See* Tr. 285-484).

### THE ALJ'S DECISION

The ALJ's decision included the following findings of fact and conclusions of law:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2009.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of January 1, 2002 through his date last insured of December 31, 2009 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment prior to December 31, 2009, the date last insured (20 CFR 404.1520(c)).

4. The claimant was not under a disability, as defined in the Social Security Act, at any time from January 1, 2002, the alleged onset date, through December 31, 2009, the date last insured (20 CFR 404.1520(c)).

(Tr. 11-12).

**STANDARD OF REVIEW**

In reviewing the denial of Social Security benefits, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992).

In determining whether the Commissioner's findings are supported by substantial evidence, this Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing 42 U.S.C. § 405(g)). Even if substantial evidence or indeed a preponderance of the evidence supports a claimant's position, the court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). This is so because there is a "zone of choice" within which the Commissioner can act, without fear of court interference. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citing *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984)).

However, "a substantiality of evidence evaluation does not permit a selective reading of the record. Substantiality of evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of

6

evidence must take into account whatever in the record fairly detracts from its weight." *Brooks v. Comm'r of Social Security,* 531 F. App'x 636, 641 (6th Cir. 2013) (cleaned up).

A district court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (internal quotations omitted). And, even if substantial evidence supports the ALJ's decision, the court must overturn when an agency does not observe its own procedures and thereby prejudices or deprives the claimant of substantial rights. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004).

## STANDARD FOR DISABILITY

Eligibility for benefits is predicated on the existence of a disability. 42 U.S.C. §§ 423(a), 1382(a). "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a); *see also* 42 U.S.C. § 1382c(a)(3)(A). The Commissioner follows a five-step evaluation process—found at 20 C.F.R. § 404.1520—to determine if a claimant is disabled:

1. Was claimant engaged in a substantial gainful activity?
2. Did claimant have a medically determinable impairment, or a combination of impairments, that is "severe," which is defined as one which substantially limits an individual's ability to perform basic work activities?
3. Does the severe impairment meet one of the listed impairments?
4. What is claimant's residual functional capacity and can claimant perform past relevant work?

7

> 5. Can claimant do any other work considering her residual functional capacity, age, education, and work experience?

Under this five-step sequential analysis, the claimant has the burden of proof in Steps One through Four. *Walters,* 127 F.3d at 529. The burden shifts to the Commissioner at Step Five to establish whether the claimant has the residual functional capacity to perform available work in the national economy. *Id.* The ALJ considers the claimant's residual functional capacity, age, education, and past work experience to determine if the claimant could perform other work. *Id.* Only if a claimant satisfies each element of the analysis, including inability to do other work, and meets the duration requirements, is the claimant determined to be disabled. 20 C.F.R. § 404.1520(b)-(f); *see also Walters*, 127 F.3d at 529.

## DISCUSSION

Mr. Makris is proceeding *pro se* in this matter. As such, this Court liberally construes his pleadings and arguments. *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) ("The appropriate liberal construction [of *pro se* pleadings] requires active interpretation in some cases . . . ."). But even though *pro se* pleadings are generally held to less stringent standards than those presented by counsel, liberal construction of *pro se* pleadings is not without its limits. *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001). Liberal construction does not require this Court to conjure allegations on a plaintiff's behalf, and *pro se* pleadings must provide notice to the opposing party of the relief sought. *Id.*

Mr. Makris did not submit a merits brief. Pursuant to Magistrate Judge Parker's Order dated April 6, 2021 (ECF #23), which I adopted in relevant part on June 3, 2021 (ECF #25), I have reviewed this matter based on the merits arguments outlined in Mr. Makris' Motion for Reconsideration of Summary Judgment. (ECF #22). His arguments are as follows:

8

1. The January 16, 2020 decision denying Mr. Makris's disability claim was not supported by substantial evidence when the Social Security administration had approved a claim for Supplemental Security Income on February 1, 2019. *See* ECF #22 at PageID 593 (¶¶ a-d, 4).

2. The Commissioner's January 16, 2020 decision improperly stated that "The issue is whether the claimant is disabled"; ignored a November 15, 2018 approval of his claim; and failed to "articulate[] any[] reason for discounting the disability Approval and transcript." *See* ECF #22 at PageID 593-94 (¶¶ 1, 4).

3. The Commissioner did not adequately consider medical evidence of Mr. Makris's disability, including "Plaintiff correct November 1982 established Onset Date medical diagnoses (see certified copy of administrative record The George Washington University Medical Center January 13, 1983 surgeon statement EXHIBIT NO. 3B, PAGE: 3 of 12, 79.)." *See* ECF #22 at PageID 594 (¶ 2).

4. The Commissioner denied his disability claim in bad faith and discriminated against him by "presuming oversight favoritism when intentionally and maliciously convoluting evidenced transcript facts and fallaciously ignoring factual findings of already ***SSI APPROVED medical disability*** and entitlement." *See* ECF #22 at PageID 594 (¶ 4) (emphasis in original).

The Commissioner opposes. (Comm'r's Br., ECF #26, PageID 611-18).

For the reasons that follow, I recommend the District Court affirm the Commissioner's decision as supported by substantial evidence.

## I. The ALJ's decision denying DIB was supported by substantial evidence.

Mr. Makris asserts the ALJ's decision denying him DIB was not supported by substantial evidence because he was awarded SSI benefits. (*See* ECF #22, PageID 593-94). The Commissioner responds that substantial evidence supports the decision denying DIB, independent of any SSI determination. (Comm'r's Br., ECF #26, PageID 615-16). I agree with the Commissioner.

Mr. Makris applied for both DIB and SSI. He asserts that because his SSI claim was approved, it demonstrates the denial of his DIB claim was not supported by substantial evidence.

9

The DIB and SSI programs are distinct and have separate standards for determining entitlement to an award of benefits. DIB is governed under Title II of the Social Security Act, while SSI is governed under Title XVI. *Compare* 42 U.S.C. §§ 423(a) and 1382(a); *see also Russell C. v. Saul*, No. 3:20-cv-256-MMA-RBM, 2021 WL 130025, at *6 (Jan. 14, 2021) ("Although the requirements for determining disability are identical for both DIB and SSI, the requirements for *eligibility differ*.") (emphasis in original), *report and recommendation adopted*, 2021 WL 1116034 (Mar. 24, 2021).

Central to the issue Mr. Makris raises is the date last insured. For DIB claims, the claimant must establish disability prior to the date last insured—in Mr. Makris's case, between his alleged onset date of January 1, 2002 and his date last insured of December 31, 2009. (*See* Tr. 11-12; *see also* SSR 18-1p ("a claimant who has applied for disability insurance benefits under Title II of the Act must show that: (1) He or she met the statutory definition before his or her insured status expired, and (2) he or she currently meets the statutory definition of disability, or his or her disability ended within the 12-month period before the month that he or she applied for benefits.")). But for claimants seeking SSI benefits under Title XVI, there is no date last insured by which the claimant must establish disability. *See Garner v. Heckler*, 745 F.2d 383, 391 (6th Cir. 1984).

Here, Mr. Makris's denial of DIB was determined according to the procedures set forth in Title II of the Act. The award of SSI benefits, however, was determined according to the separate procedures in Title XVI of the Act. Although both determinations may be couched in the language of "disabled" or "not disabled," the processes are distinct and a disposition of one claim is not controlling as to disposition of the other. A claimant may be determined disabled on his SSI claim

while simultaneously being determined not disabled on his DIB claim, as was Mr. Makris here. *See* SSR 18-1p, n.17.

I find remand is not warranted on this basis.

## II. The Commissioner appropriately articulated the reasons he found Mr. Makris not disabled under the DIB standard.

Mr. Makris challenges the denial of his DIB claim, again points to the SSI approval, and asserts the ALJ failed to properly articulate the reasons for discounting the evidence available in the transcript. (ECF #22, PageID 593-94). The Commissioner responds that the ALJ provided sufficient explanation for the denial. (Comm'r's Br., ECF #26, PageID 616-17).

DIB claims follow a five-step sequential evaluation process. 20 C.F.R. § 404.1520(a)(4). If a determination can be made at a certain step, the Commissioner will make that determination at that step and will not continue to the next step. *Id.* The central question at Step Two is whether the claimant has a medically determinable impairment or combination of impairments that substantially limits his ability to perform basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii). Disability claimants must make a threshold showing that the alleged medically determinable impairments are severe enough to meet these regulatory standards. *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987). Step Two determinations require claimants to make a *de minimis* showing that their impairment or combination of impairments is severe enough to interfere with their ability to work. *Id.* at 153-54. Although the Step Two threshold is "lenient," claimants still must show that their claim is grounded in medical evidence and affected their ability to work prior to the date last insured. *Higgs*, 880 F.2d at 862-63.

Here, the ALJ determined Mr. Makris was not disabled at Step Two of the sequential evaluation process in his DIB claim. (Tr. 12). The ALJ explained that he considered the medical

evidence and concluded that Mr. Makris's hernia may affect his ability to work. (Tr. 12). However, the ALJ also explained that Mr. Makris did not meet his Step Two burden because Mr. Makris did not establish that it affected his ability to work prior to December 31, 2009, his date last insured. (*Id.*). The ALJ described hernia repairs in the 1980s and in 2019 but found the "tangentially referenced" hernia impairment did not have more than a minimal effect on Mr. Makris's ability to work. The ALJ stated:

> [i]n reviewing the complete records of evidence, the undersigned is unable to find any records prior to December 31, 2019 [*sic*] which support a severe medically determinable impairment before that date. Accordingly, there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment through the date last insured.

(Tr. 12). Mr. Makris has not pointed to medical evidence from the relevant time period to clear the *de minimis* Step Two hurdle. Without more, the ALJ appropriately determined Mr. Makris not disabled at Step Two.

Therefore, I decline to recommend remand on this basis.

### III. The Commissioner adequately considered the medical evidence during the relevant period.

Mr. Makris points to a medical diagnosis from November 1982 and surgery date of January 13, 1983 to establish the onset date of his hernia impairment. (*See* ECF #22, PageID 594). The Commissioner responds that the ALJ considered the 1983 hernia repair surgery but found there was no evidence that Mr. Makris's hernia had more than a minimal effect on his ability to perform work-related activities prior to his date last insured. (Comm'r's Br., ECF #26, PageID 617; *see also* Tr. 12).

The claimant bears the burden to establish a disability existing before the expiration of insured status. *Higgs v. Bowen*, 880 F.2d at 862-63; *see also* 42 U.S.C. § 423(c)(1). If disability occurs

12

after the expiration of insured status, the claim must be denied. *See Higgs*, 880 F.2d at 862-63; *see also Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990). Therefore, only that medical evidence detailing the claimant's condition during the insured time period is relevant when establishing eligibility for DIB. *Forshee v. Comm'r of Soc. Sec.*, No. 11-CV-12339, 2012 WL 1672974, at *8 (E.D. Mich. Apr. 11, 2012), *report and recommendation adopted*, 2012 WL 1676645 (E.D. Mich. May 14, 2012).

An ALJ may also rely on medical evidence from outside the relevant time period to establish the existence of an impairment, if that evidence is reasonably proximate in time to the relevant period. *Begley v. Mathews*, 544 F.2d 1345, 1354 (6th Cir. 1976). Medical evidence postdating the expiration of insured status may be considered insofar as it bears on the claimant's condition during the insured period. *Anderson v. Comm'r of Soc. Sec.*, 440 F. Supp. 2d 696, 699 (E.D. Mich. 2006). But even if an ALJ may consider evidence from outside the relevant time period, an ALJ is not required to assign weight to that evidence. The Sixth Circuit makes clear that "an ALJ makes no such procedural error by declining to give any weight to the opinion of a treating source offered *after* the claimant's date last insured when the opinion does not relate back to the insured period." *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 851 (6th Cir. 2020) (emphasis in original).

Here, the ALJ considered evidence from Mr. Makris's 1983 and 2013 surgeries. (Tr. 12) ("there is reference to a prior umbilical hernia repair 'in the 1980's' and an inguinal hernia surgery in 2013"). However, the ALJ concluded these references did not have more than a minimal effect on Mr. Makris's ability to perform work activity prior to his date last insured of December 31,

13

2009. (Tr. 12). Because the records are more than two years removed from the relevant period in Mr. Makris's case, the ALJ may consider them but is not required to give them weight.

I find no reason to recommend remand on this basis.

### IV. Approval of Mr. Makris's SSI claim does not establish evidence of the ALJ's bad faith in denying his DIB claim.

Mr. Makris alleges the ALJ acted in bad faith in denying his DIB claim, and points to the approval of his SSI claim as evidence he should be receiving DIB benefits. (ECF #22, PageID 594). As discussed above, the standards for approving SSI claims are distinct from the standards for approving DIB claims. *Compare* 20 C.F.R. § 404.1520, *et seq. with* 20 CFR § 416.920, *et seq.* Mr. Makris has not pointed to evidence to substantiate his claim of bad faith or any discrimination on the part of the Commissioner. The ALJ's decision denying Mr. Makris's DIB claim followed the established procedure for those claims and was supported by substantial evidence. There is no basis for Mr. Makris's claim of bad faith, and accordingly, no reason for remand.

CONCLUSION AND RECOMMENDATION

Following review of the arguments presented, the record, and the applicable law, I find the Commissioner's decision denying disability insurance benefits is supported by substantial evidence and therefore recommend the District Court **AFFIRM** that decision. I further recommend the District Court **DENY** any other motions that remain pending in this case.

Dated: December 27, 2021

_____
DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE

***ANY OBJECTIONS*** **to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.** *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).